IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| vs. ) | Criminal Action No. 09-00240-KD |
| ) | |
| JUAN RAMON SABINA, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This action is before the Court on the "Emergency Motion for the production of the total Federal Grand Jury minutes including all testimonies, complaints, affidavits, all statements of the government witnesses oral, written, signed or unsigned, all signatures of the grand jurors those who have rendered the charges in the bill of indictment" filed by Juan Ramon Sabina (doc. 339); Sabina's "Emergency Rule 33 Motion based upon Newly Discovered Material Evidence unknown and withheld from Petitioner prior to trial" and affidavits in support (doc. 344); Sabina's "Sensitive Emergency request" (doc. 347); the response filed by the United States (doc. 348); Sabina's reply (doc. 351); and Sabina's supplement to his reply (doc. 353). Upon consideration, and for the reasons set forth herein, Sabina's motions (docs. 339, 344) are **DENIED**.

**I. Procedural history**

On October 29, 2009, Sabina and six co-defendants were indicted for possession of marijuana and conspiracy to possess marijuana with intent to distribute (doc. 1). On December 30, 2009, the indictment was superseded but the counts as to Sabina were not changed (doc. 113). Sabina's trial was held in February 2010. On February 12, 2010, he was convicted of conspiracy to possess marijuana with intent to distribute but acquitted of possession of marijuana (doc. 202). The Eleventh Circuit Court of Appeals affirmed his conviction on April 12, 2012 (doc. 328). The mandate issued May 11, 2012 (doc. 329). Sabina filed the pending emergency motion for Grand Jury minutes on May 15, 2012 and filed the motion for new trial on June 12,

2012.

## II. Motion for production of Grand Jury Material

In *United States v. Valencia-Trujillo*, 462 Fed. Appx. 894 (11th Cir. 2012), a case in a similar posture as this case, the Court explained that:

> Federal Rule of Criminal Procedure 6(e)(2) generally requires grand jury secrecy except in the limited circumstances specified by Rule 6(e)(3). In the present case the only potentially applicable Rule 6(e)(3) exceptions permit disclosure of "a grand-jury matter" if the information is sought "preliminarily to or in connection with a judicial proceeding," Fed.R.Crim.P. 6(e)(3)(E)(i), or if it is sought "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury," Fed.R.Crim.P. 6(e)(3)(E)(ii). The Supreme Court has held that the "preliminarily to ... a judicial proceeding" exception "contemplates only uses related fairly directly to some identifiable litigation, pending or anticipated." *United States v. Baggot,* 463 U.S. 476, 480, 103 S.Ct. 3164, 3167, 77 L.Ed.2d 785 (1983). For a request to be "in connection with" a judicial proceeding, the proceeding must already be pending. *Id.* at 479, 103 S.Ct. at 3166.

*Valencia-Trujillo*, 426 Fed. Appx. at 897-898. Considering Sabina's "Emergency motion for the production of Grand Jury minutes and documents" in light of his Rule 33 motion for new trial, the court finds that the request is made in contemplation of identifiable litigation, *i.e.*, motion for new trial.

"[I]n considering the effects of disclosure on grand jury proceedings, the courts must consider not only the immediate effects upon a particular grand jury, but also the possible effect upon the functioning of future grand juries." *United States v. Aisenberg*, 358 F. 3d 1327, 1349 (11th Cir. 2004) (quoting *Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 222, 99 S.Ct. 1667, 1674, 60 L.Ed.2d 156 (1979)). "[T]he burden of demonstrating that the need for disclosure outweighs the need for, and public interest in, secrecy rests upon the private party seeking disclosure." *Aisenberg*, 358 F. 3d at 1349 (citations omitted).

The "guidelines" for deciding when the secrecy may be lifted require a showing "(1) that the material [sought] is needed to avoid a possible injustice in another judicial proceeding; (2) that the need for disclosure is greater than the need for continued secrecy; and (3) that [the] request is structured to cover only material so needed." *Douglas Oil*, 441 U.S. at 222, 99 S. Ct. at

2

1674; *Aisenberg*, 358 F.3d at 1349.

To meet this burden, Sabina must show a "compelling and particularized need" for the Grand Jury materials. *Valencia-Trujillo*, 462 Fed. Appx. at 897; *Aisenberg*, 358 F. 3d at 1348-1349; *United States v. Procter & Gamble Co.*, 356 U.S. 677, 683, 78 S. Ct. 983, 2 L.Ed.2d 1077 (1958); *Douglas Oil Co.,* 441 U.S. at 222, 99 S. Ct. at 1674.  To do so, Sabina must show that "circumstances had created certain difficulties peculiar to this case, which could be alleviated by access to specific grand jury materials, without doing disproportionate harm to the salutary purpose of secrecy embodied in the grand jury process." *Aisenberg*, 358 F. 3d at 1348-1349 (citations omitted).  Even if Sabina meets his burden of showing a "compelling and particular need for the grand jury material in order to avoid an injustice and that their need for disclosure outweighs the secrecy need, access is limited and covers only those materials actually needed." Aisenberg, 358 F. 3d at 1348-1349 (citations omitted).

Sabina has failed to show a compelling and particularized need and therefore, has not met his burden. Sabina asserts that the Grand Jury materials are *Brady* material which the AUSA wrongfully concealed and withheld and which his attorney did not request.  The prosecution has a duty to provide Sabina with all evidence materially favorable to his defense. *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963).[1]  However, Sabina has failed to identify any specific *Brady* material presented to the Grand Jury by the prosecution.  To the contrary, he asks for all the Grand Jury documents.  But, a "blanket request for all ... grand jury materials ... cannot be described as the kind of particularized request required for the production of otherwise secret information." *Aisenberg*, 358 F. 3d at 1349.  Therefore, Sabina's motion is due to be denied.

### III. Rule 33 motion for new trial

Sabina argues that newly discovered evidence shows that he was indicted without a

---

[1] In *Brady v. Maryland,* the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87.

3

proper or valid Grand Jury proceeding. Sabina references three items of newly discovered evidence in support of his motion. First, he refers to several news articles about prosecutors concealing, fabricating and withholding evidence during the prosecution of former Senator Ted Stevens. From these articles and the fact that he has not seen the Grand Jury documents from his own proceedings, Sabina reasons that the Grand Jury proceedings were based upon evidence fabricated or concealed by the AUSA and therefore invalid.

Second, Sabina argues that he did not know at time of trial or appeal that he had a right to request review of the Grand Jury documents. Sabina asserts that his defense counsel never advised him of his to inspect the minutes, tapes or other documents from the Grand Jury proceedings.

The third item of newly discovered evidence is a conversation between Sabina and an inmate identified as "David" which occurred shortly before the new articles about Senator Stevens were released. According to Sabina, David could not sign an affidavit because he feared losing his cooperation with the United States. Sabina alleges that at

> [s]ome time in early November 2011, an inmate [David] in this facility of McRae Correctional Facility CCA, confidently informed [Sabina] that he was at the same holding detention facility where [Sabina] was at prior to [his] trial, and federal agents and [ ] the United States Assistant district attorney requested of [David] his assistance to fabricate testimony against [Sabina] at trial, owing that the government did not have any evidence of any grand jury proceedings, thus the Bill of Indictment is a fraud.

(doc. 351). Sabina alleges that after this conversation, he reviewed the discovery provided by the United States that was in his possession but found no documents from the Grand Jury proceedings. From the absence of these documents, the news articles, and David's statements, Sabina reasons that there was no Grand Jury proceeding and that the AUSA "fabricated the Bill of Indictment." (Docs. 344, 344-3, 347, 351, 353).

The United States responds that Sabina has alleged only unsupported speculation that

4

some evidence in the Grand Jury minutes and documents might support his motion for new trial but has not proffered the precise new evidence or undisclosed *Brady* material that may be found which would support his motion for a new trial. Therefore, he cannot meet the requirements for obtaining a new trial. [2]

> This Court has recently explained that
>
> Pursuant to Rule 33 of the Federal Rules of Criminal Procedure, "[u]pon defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice requires." Fed.R.Crim.P. 33(a). "Thus, there are two grounds upon which a court may grant a motion for new trial: one based on newly discovered evidence ... and the other based on any other reason, typically the interest of justice [.]" *United States v. Campa*, 459 F. 3d 1121, 1151 (11th Cir.2006). The decision whether to grant or deny a motion for new trial rests in the sound discretion of the trial court. *United States v. Champion*, 813 F.2d 1154, 1170 (11th Cir.1987).

*United States v. Waters*, 2012 WL 1570537 (S.D. Ala. May 3, 2012) (slip copy). Additionally, "[m]otions for a new trial based on newly discovered evidence are highly disfavored in the Eleventh Circuit and should be granted only with great caution." *Campa*, 459 F.3d at 1151. "[T]he defendant bears the burden of justifying a new trial." *Id*.

---

[2] The United States also argues that Sabina did not act with due diligence and bring this "discovery motion" before trial and his failure to raise this issue on appeal has resulted in an abandonment of this claim. Rule 12(b)(3) identifies "[m]otions that must be made before trial" and among those are "a motion alleging a defect in instituting the prosecution", "a motion alleging a defect in the indictment", and "a Rule 16 motion for discovery". Fed. R. Crim. P. 12(b)(3)(A), (B) & (E). Thus, if the motion is a "discovery motion", it is untimely since these are motions that "must" be made before trial. Also, Rule 12(b)(3)(B) provides that "at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense." In this context, "pending" means until the mandate issues. *United States v. Elso*, 571 F. 3d 1163 (11th Cir. 2009). The Rule 33 motion was deemed filed on May 31, 2012, <u>after</u> the mandate issued on May 11, 2012. Thus, to the extent the Rule 33 motion may be a Rule 12(b)(3)(B) motion alleging a defect in the indictment because the indictment fails to invoke the court's jurisdiction or to state an offense, it is also untimely.

The United States also argues that the motion was not filed within the three (3) year limitation period set in Rule 33. Sabina's verdict was entered on February 12, 2010 (doc. 202-2), thus his motion for new trial filed May 31, 2012 was filed within the three (3) year time period.

Generally, evidence which may support a Rule 33(b)(1) motion is newly discovered evidence that "in some non-attenuated and material way, impugn[s] the reliability of the jury's verdict." *United States v. Seigelman*, 2012 WL 2590670 (M.D. Ala. July 5, 2012).  Sabina must show that: "(1) the evidence was discovered after trial[;] (2) the failure of the defendant to discover the evidence was not due to a lack of due diligence[;] (3) the evidence is not merely cumulative or impeaching [;] (4) the evidence is material to issues before the court[;] and (5) the evidence is such that a new trial would probably produce a different result." *Id.* (citing *United States v. Jernigan,* 341 F.3d 1273, 1287 (11th Cir. 2003) (quoting *United States v. Ramos*, 179 F.3d 1333, 1336 n.1 (11th Cir.1999)).  Sabina must meet all elements to prevail on his motion. *United States v. Starrett*, 55 F.3d 1525, 1554 (11th Cir. 1995).  "A defendant who seeks a new trial based on an alleged *Brady* violation must show that, had the evidence been revealed to the defense, there is a reasonable probability that the outcome of the proceeding would have been different." *United States v. McLaughlin*, 279 Fed. Appx. 856, 857 (11th Cir. 2008) (citing *United States v. Fernandez,* 136 F. 3d 1434, 1438 (11th Cir. 1998).

None of Sabina's "newly discovered evidence" provides a basis to grant his motion.  The news articles are not evidence of prosecutorial misconduct in this action and therefore, not material to issues before the Court.  With the exercise of due diligence, Sabina could have discovered that he had not seen any Grand Jury materials before his trial.  Sabina asserts that his attorney did not tell him that he had a right to review the Grand Jury material or any *Brady* material therein.  However, Sabina has not shown that there is a reasonable probability that the outcome of the proceedings would have been different or that a new trial would likely produce a different result, if the defense had reviewed the Grand Jury material.  Sabina has not identified any specific evidence, whether *Brady* material or other evidence, that might be found in the

6

Grand Jury documents.  Sabina alleges only that because the prosecutors allegedly withheld and concealed evidence as to Senator Stevens, then the same must have happened to him.

As to David's statements, Sabina states that the AUSA asked David to lie at trial because there had not been a proper Grand Jury proceeding or perhaps no Grand Jury proceeding as to Sabina, and hence an indictment wholly fabricated by the AUSA.   However, Sabina cannot show that there is a reasonable likelihood that this new evidence would have changed the outcome at trial since Sabina does not provide any evidence that David actually testified and lied at trial.  Therefore, for these reasons and for the reasons set forth in the United States' response (doc. 348), Sabina's motion for new trial is due to be denied. *Valencia-Trujillo*, 462 Fed. Appx. at 898 ("Valencia-Trujillo failed to demonstrate a 'particularized need' for the grand jury materials.  His allegations rest solely on his own speculative inferences that were discredited by the evidence presented at his trial and the jury's guilty verdict. . . . [He] seeks the disclosure of grand jury materials in the hope of finding testimony to support his unsupported allegations, which is precisely the kind of fishing expedition that cannot justify disclosure.")

DONE and ORDERED this 30th day of August, 2012.

s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE