**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| JUAN RAMON SABINA, | * | |
|     Petitioner, | * | |
| | * | CIVIL ACTION NO. 12-00591-KD-B |
| vs. | * | CRIMINAL NO. 09-00240-KD-B |
| | * | |
| UNITED STATES OF AMERICA, | * | |
|     Respondent. | * | |

**ORDER**

This case is before the Court on Petitioner Juan Ramon Sabina's Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. 362), the Government's Response (Doc. 368), Petitioner Sabina's Reply (Doc. 369), an Affidavit filed by a family member of Petitioner Sabina (Doc. 372), and Petitioner Sabina's Notice of Declaration of Truth (Doc. 375).

At the outset, the undersigned finds that there is no need for an evidentiary hearing because the claim may be resolved on the existing record. Schultz v. Wainwright, 701 F.2d 900, 901 (11th Cir. 1983).

The grand jury returned a superseding indictment against Sabina and six other co-defendants, on December 30, 2009, charging them with involvement in a marijuana distribution conspiracy. (Doc. 133). Three counts were brought against Sabina. (Id.) Specifically, count one charged that Sabina and his co-defendants conspired to distribute and possess with the intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. (Id. at 1-2). Count two was the substantive count charging Sabina and all co-defendants with possession with the intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). (Id. at 2). Count five was a forfeiture allegation, brought pursuant to 21 U.S.C. § 853, requiring all defendants to forfeit any proceeds obtained from and property used in the commission of the

1

drug offenses. (Id. at 3-4). While some co-defendants pleaded guilty prior to trial, Sabina (and 2 other defendants) proceeded to trial from February 9-12, 2010. The jury found Sabina guilty of conspiracy to distribute and to possess with the intent to distribute marijuana, a Schedule I controlled substance, contrary to Title 21, United States Code, Section 841(a)(1) and in violation of Title 21, United States Code, Section 846, further finding that he conspired to distribute or conspired to possess with intent to distribute marijuana in excess of 100 plants. (Doc. 202 at 4-5; Doc. 202-2). The jury could not reach a unanimous decision as to Count Two and thus a mistrial resulted as to that count against Sabina. (Id.) Likewise, the jury could not reach a unanimous decision as to Count Five and thus a mistrial resulted as to the forfeiture count against Sabina. (Doc. 202 at 6). On May 21, 2010, the undersigned sentenced Sabina to 60 months as to Count One, and imposed Judgment with the following Special Conditions:

> immediately after incarceration, the defendant is to be delivered to a duly-authorized Immigration official for possible deportation. If deported, the defendant is to remain outside of the United States, pursuant to 18 U.S.C. Section 3583(d). If not deported, within 72 hours of release from custody of the Bureau of Prisons, the defendant shall report in person to the Probation Office in the district to which he is released, and abide by their instructions. No fine was imposed, as the defendant is unable to pay.

(Doc. 251). On May 28, 2010, Sabina filed a Notice of Appeal. (Doc. 255). On April 11, 2012, the appeal was denied. (Docs. 328, 337).

On August 24th or September 5/6th, 2012[1], Sabina mailed the instant Section 2255 habeas petition; the petition was docketed by this Court on September 10, 2012. (Doc. 362). In his petition, Sabina contends that his defense counsel Greg Hughes provided ineffective assistance of counsel at trial because he should have called co-defendant Omar Huezo to testify but failed to

---

[1] Under the mailbox rule, absent contrary evidence, a prisoner's motion is deemed filed on the date it is delivered to prison officials for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). While the petition was docketed on September 10th, the envelope from Sabina is postmarked September 6th (Doc. 362 at 28), and he signed (and notarized) his petition on August 24, 2012 (Doc. 362 at 12, 20, 24, 26) and September 5th (Doc. 362 at 27).

do so. (Id.) The Government responded. (Doc. 368). Sabina replied (Doc. 369), and thereafter, an Affidavit filed by a family member of Sabina was submitted (Doc. 372), along with Sabina's Notice of Declaration of Truth (Doc. 375). The Affidavit and "Declaration of Truth" submitted as part of Sabina's Reply, are two additional affidavits that attempt to establish that he did not live at Chutney Drive, one of the locations where a large quantity of marijuana plants were growing.

To establish that counsel was ineffective, a petitioner must show: 1) that his attorney's representation fell below "an objective standard of reasonableness;" and 2) that a reasonable probability exists that but for counsel's unprofessional conduct, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). See also Jones v. United States, 478 Fed. Appx. 536, 539–540 (11th Cir. 2011) (finding "[t]o make a successful claim of ineffective assistance of counsel, a defendant must show: (1) his counsel's performance was deficient; and (2) the deficient performance prejudiced his defense[]"). Sabina's continued attempt to present new evidence in his favor does not establish that his counsel was incompetent or that he was prejudiced by the fact that the evidence was not presented. The circumstantial evidence -- i.e., Sabina's rented house being used for a grow house and Sabina being found at the house of another grow operation (which was identically set up and maintained) -- was more than sufficient to establish his guilt. Sabina has failed to shoulder his burden to show that but for counsel's failure to present evidence that he actually lived elsewhere, he would not have been convicted.

As such, upon consideration, the Court adopts and incorporates the Government's Response (Doc. 368) as the reason that Sabina's petition lacks merit. Accordingly, the Court

finds that Sabina's petition (Doc. 362) is due to be **DENIED**.[2]

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Federal Rules Governing § 2255 Proceedings, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from ... the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). "[A] COA does not require a showing that the appeal will succeed." Miller-El v. Cockrell, 537 U.S. 322, 337 (2003). Rather, "[a] prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part. [The Court] do[es] not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 338 (internal citation and quotations omitted). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v.

---

2 A district court may incorporate a party's arguments to serve as its explanation for its ruling, so long as those arguments, in conjunction with the record, provide the Court of Appeals an opportunity to engage in meaningful review. See United States v. Valencia-Trujillo, 462 F. App'x 894, 897 (11th Cir. 2012) ("District court orders 'should contain sufficient explanations of their rulings so as to provide this Court with an opportunity to engage in meaningful appellate review.' Danley v. Allen, 480 F.3d 1090, 1090, 1091 (11th Cir. 2007). That principle, however, does not prohibit a district court from incorporating a party's arguments as the basis and explanation for its ruling. Valencia–Trujillo's motion and the government's response, as well as the exhibits and attachments submitted to the district court, provide a sufficient basis for our review of the merits in this case."); 11th Cir. R. 36-2 (effective Dec. 1, 2013) ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."). The Court finds that the Government's Response (Doc. 368) is quite sufficient in this regard.

McDaniel, 529 U.S. 473, 484 (2000).

Upon consideration, the Court finds that no reasonable jurist would find its assessment of the constitutional claims presented debatable or wrong. Accordingly, Sabina is not entitled to a Certificate of Appealability in this action.

## IN FORMA PAUPERIS

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C.A. § 1915(a)(3). A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued ... is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding ... [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 631-632 (7th Cir. 2000). See also Weaver v. Patterson, 2012 WL 2568218, *7 (S.D. Ala. Jun. 19, 2012), *report and recommendation adopted*, 2012 WL 2568093 (S.D. Ala. July 3, 2012) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3). See Fed. R. App. P. 24(a)(3)(A); Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000) (concluding that 'good faith' is 'an objective concept' and that 'not taken in good faith' is 'a synonym for frivolous'); DeSantis v. United Techs, Corp., 15 F. Supp. 2d 1285, 1288-1289 (M.D. Fla. 1998) (stating that good faith "must be judged by an objective, not a subjective, standard' and that an appellant 'demonstrates good faith when he seeks appellate review of any issue that is not frivolous"). An appeal filed *in forma pauperis* is frivolous if 'it appears that the Plaintiff has little to no chance of success,' meaning that the 'factual allegations

are clearly baseless or that the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). But see, e.g., United States v. McCray, 2012 WL 1155471, *2 (N.D. Fla. Apr. 5, 2012) ("Because the defendant has not obtained -- and is not entitled to -- a certificate of appealability, any appeal by the defendant will not be taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that any appeal will not be taken in good faith and that the defendant is not otherwise entitled to proceed *in forma pauperis* on appeal.").

Upon consideration, the Court finds and certifies that any appeal by Sabina in this action would be without merit and therefore not taken in good faith. Accordingly, Sabina is not entitled to appeal *in forma pauperis*.

## **CONCLUSION**

Accordingly, it is **ORDERED** that Sabina's Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. 362) is **DENIED** and this habeas action is **DISMISSED with prejudice;** judgment will be entered against Petitioner Juan Ramon Sabina, and in favor of Respondent the United States of America. The undersigned further finds that Sabina is not entitled to the issuance of a certificate of appealability, and therefore, is not entitled to proceed *in forma pauperis*.

**DONE** and **ORDERED** this the **24th** day of **February 2014.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**